COMMONWEALTH *vs.* MORTIMER DOWNEY.

Middlesex. November 22. — 25, 1887. DEVENS & W. ALLEN, JJ., absent.

At the trial of a complaint for keeping intoxicating liquors at S., with intent unlawfully to sell the same, if it appears that the defendant's premises are situated partly in S. and partly in C., an adjoining city, evidence that intoxicating liquors were found by an officer, who searched the premises, in that part situated in C., is admissible upon the question of the intent with which the defendant kept liquors in that part of the premises situated in S.

COMPLAINT for keeping, at Somerville, intoxicating liquor with intent unlawfully to sell the same in this Commonwealth. Trial in the Superior Court, before *Pitman,* J., who allowed a bill of exceptions, in substance as follows:

One Johnson, a Somerville police officer, testified that on May 25, 1887, with a search-warrant issued by the Somerville Police Court, he went to the premises of the defendant, which were located in a building on the line between Somerville and Cambridge, so that a part of the tenement was in Somerville and a part in Cambridge; that, together with a police officer of Cambridge, who also had a search-warrant, he entered that portion of the premises of the defendant which were occupied by him as grocery, and which was on the Cambridge side of the line; and that he found hop beer on draught in the shop, and also a bottle and a flask, each containing a teaspoonful of whiskey, behind the counter. The defendant objected to the testimony of the officer as to what was found in the shop in Cambridge, on the ground that the complaint alleged a keeping at Somerville. The judge overruled the objection, and admitted the evidence, but only as bearing upon the question of intent as to the keeping of the liquor found in Somerville. The officer then testified to finding a jug containing whiskey, in the third story, in that part of the building which was in Somerville, and upon the premises of one White. The officer seized and carried away this as the property of the defendant. It was claimed as the property of White.

Testimony was further introduced that a large number of people were seen on Sunday, May 22, to enter the building, and

that Mrs. Downey and a girl were seen to go from the lower part of the building, which was occupied by the defendant, up stairs with a pitcher.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*G. F. Piper*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

BY THE COURT. For the purpose of showing that the intoxicating liquor found in that part of the defendant's premises situated in Somerville was kept with intent to sell, the evidence admitted as to what was found in that part of the building situated in Cambridge was competent.

Upon this issue, it was proper that the jury should know the situation and use of the whole building, it being immaterial whether the liquor found in Somerville was intended for sale in that city, or in the part of the building which was in Cambridge. *Commonwealth* v. *McCluskey*, 123 Mass. 401.

*Exceptions overruled.*